UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BARNER,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DR. MIRA CONTRELL, et al.,<br><br>　　　　　Defendants. | Case No. CV 12-819 CJC (FFM)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

　　　　Plaintiff filed a *pro se* civil rights action herein apparently pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1994, 29 L. Ed. 2d 619 (1971), on February 7, 2012, after being granted leave to proceed *in forma pauperis*.

　　　　As best the Court can glean from the allegations of the Complaint, plaintiff attempts to allege a constitutional claim under *Bivens* relating to the search of a safe in a "veteran home" and seizure by a federal employee, defendant Norm Andrews, of a handgun owned by plaintiff.  Plaintiff also names Denise W. Lewis, Jamie Todd and Mira Contrell as defendants, but does not articulate any claims against any of them.

　　　　In accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B), the Court now has screened the Complaint prior to ordering service, for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on

which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2).

The Court's screening of the Complaint under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Since plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether the Complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Citation omitted.] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

///
///
///

After careful review and consideration of the allegations of the Complaint under the relevant standards, the Court finds for the reasons discussed hereafter that plaintiff's allegations are insufficient to state a claim on which relief may be granted for violation of plaintiff's federal civil rights.

## DISCUSSION

A.  The Complaint Fails to State a Claim under *Bivens* Against the Individual Defendants.

A *Bivens* action states a civil rights complaint against a federal official. *See Bivens*, 403 U.S. at 388. To state a *Bivens* action, the plaintiff must allege facts showing a person acting under color of federal authority deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. *Bivens*, 403 U.S. at 389. Actions under 42 U.S.C. § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*. *See Van Strum v. Lawn*, 940 F.2d 406 (9th Cir. 1991). Generally, law for civil rights suits brought pursuant to 42 U.S.C. § 1983 is incorporated in a *Bivens* action. *See Ting v. United States*, 927 F.2d 1504, 1511 (9th Cir. 1991).

A successful *Bivens* claim requires that a defendant be personally involved in the deprivation of plaintiff's constitutional rights. *Tajeddini v. Gluch*, 942 F. Supp. 772, 779 (D.Conn. 1996), citing *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987). A plaintiff can prove such personal involvement through evidence that: "1) the defendant participated directly in the alleged infraction; 2) the defendant, with actual or constructive knowledge of the violation, failed to remedy the wrong; 3) the defendant created or permitted the policy or custom under which the unconstitutional practices occurred; 4) the defendant was grossly negligent in managing subordinates who caused the violations; or 5) the defendant failed to act on information indicating that the constitutional deprivations were taking place." *Tajeddini*, 942 F. Supp. at 779 (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.

1995). The doctrine of *respondeat superior* is inapplicable to *Bivens* actions. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991).

      The Complaint contains no allegations that defendants Denise W. Lewis, Jamie Todd, and Mira Contrell ever performed any acts, participated in another's acts, or omitted to perform acts which they were legally required to do that deprived plaintiff of a right guaranteed under the Constitution or a federal statute.

      With respect to defendant Andrews, it appears that plaintiff is attempting to state a claim for violation of his Fourth Amendment rights. The Fourth Amendment prohibits unreasonable searches and seizures. *Illinois v. McArthur*, 531 U.S. 326, 330, 121 S. Ct. 946, 148 L. Ed. 2d 838 (2001) (stating that reasonableness is the central requirement of the Fourth Amendment). "A seizure occurs when 'there is some meaningful interference with an individual's possessory interest' in the property seized." *Maryland v. Macon*, 472 U.S. 463, 469, 105 S. Ct. 2778, 86 L. Ed. 2d 370 (1985) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S. Ct. 1652, 80 L. Ed. 2d 85 (1984)). "A consensual transfer is by definition not a seizure." *United States v. Sherwin*, 539 F.2d 1, 7 (9th Cir. 1976). *See also United States v. Patayan Soriano*, 361 F.3d 494, 501 (9th Cir. 2004) (finding consent to a search waives any Fourth Amendment rights); *United States v. Cormier*, 220 F.3d 1103, 1112 (9th Cir. 2000) ("An individual may waive his Fourth Amendment rights by voluntary and intelligent consent to a warrantless search of his person, property, or premises.") (citations omitted).

      Plaintiff does not allege that defendant Andrews was acting under color of federal authority. Moreover, plaintiff does not allege that he had a reasonable expectation of privacy in the contents of the safe. Indeed, it is not clear whether the safe was plaintiff's or was a common use safe in the home. In addition, the attachments to the Complaint indicate that plaintiff was advised that he was not permitted to have a firearm on the premises, that he was given an opportunity to have the firearm removed, and that after plaintiff failed to remove the gun,

defendant Andrews removed it from the safe and turned it over to the police. It is also unclear whether plaintiff attempted to recover the gun from the police. Without any further explanation, the allegations are simply insufficient to state a claim.

B.     Plaintiff Will Be Granted Leave to Amend.

The Court will afford plaintiff the opportunity to restate his claims. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a *pro se* litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment). The Complaint therefore is dismissed with leave to amend. Plaintiff is ORDERED to file a First Amended Complaint within thirty (30) days of the service date of this Order. The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.

If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment or document. Plaintiff is advised that any First Amended Complaint will supercede his Complaint.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.**

DATED:  February 14, 2012

                               /S/ FREDERICK F. MUMM
                                  FREDERICK F. MUMM
                                 United States Magistrate Judge